IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv504-TMH |
| | ) | (WO) |
| J.A. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241. The petitioner, Roy Jackson ("Jackson"), is incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 70-month sentence for controlled substance and firearm offenses.[1] In his petition, Jackson argues that the Federal Bureau of Prisons ("BOP") has unlawfully failed to give him credit against his term of imprisonment for the time he spent in pretrial home detention – from August 14, 2006, until July 9, 2008 – before he was sentenced and self-surrendered to a BOP institution. He seeks an order from this court directing the BOP to grant him approximately 23 months' credit against his sentence for the time spent in pretrial home detention. For the reasons that follow, this court concludes that Jackson is not entitled to any relief.

**I.   BACKGROUND**

---

[1] When he filed his petition, on June 8, 2010, Jackson's projected release date was July 26, 2013, assuming he receives all good-conduct time available.

On August 4, 2006, Jackson was arrested by DEA agents in Louisiana and charged with committing several federal drug and firearms-related offenses.  On August 14, 2006, he was conditionally released, pending his trial, on a $50,000 bond.  As a condition of his pretrial release, he was placed in home detention with electronic monitoring.

Jackson subsequently pled guilty to the charges, and on May 7, 2008, the United States District Court for the Eastern District of Louisiana sentenced him to an aggregate term of 70 months in prison, comprising concurrent terms of 10 months for each of four counts of violating 21 U.S.C. § 841(a)(1) (drug trafficking), and a consecutive term of 60 months for violating 18 U.S.C. § 924(c)(1)(A) (possession of a firearm in furtherance of a drug-trafficking crime).

Jackson self-surrendered to the BOP on July 9, 2008.  Upon his incarceration in a BOP facility, the BOP prepared a sentence computation for him based on a 70-month term of imprisonment that commenced on May 7, 2008, the same day his sentence was imposed. The BOP awarded Jackson prior-custody credit from August 3, 2006, through August 14, 2006 (the same day his pretrial home detention commenced).  Jackson, however, requested that the BOP credit the 23 months he had spent in pretrial home detention toward the service of his sentence.  He argued that home detention constitutes "official detention," thus entitling him to sentence credit.  The BOP denied this request for sentencing credit.  After Jackson exhausted his administrative remedies, he filed this petition for a writ of habeas corpus.

## II.  DISCUSSION

2

Prior-custody credit for federal prisoners is governed by 18 U.S.C. § 3585(b).  Section 3585(b) provides:

Credit for Prior Custody.

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

Jackson argues that the correct interpretation of "official detention" under § 3585(b) includes time spent in home detention.  He contends that the 23 months he spent in pretrial home detention constituted time "spent in official detention" before his sentence commenced, for which he says he is entitled to sentence credit.

Jackson's argument is squarely foreclosed by *Reno v. Koray*, 515 U.S. 50 (1995). There the prisoner had been released on bail, to the custody of pretrial services, with the condition that he be confined to a community treatment center that he could not leave unless accompanied by a Government agent.  *Id*. at 52-53.  He had been "released" subject to conditions, rather than committed to the custody of the Attorney General without bail, the

3

two options under the Bail Reform Act of 1984.[2]  *Id*. at 57-58, citing 18 U.S.C. §§ 3142(c), (e), and (i) (other citations omitted).  "[U]nder the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'"  *Id*. at 57.  The Supreme Court found that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to [the] BOP's control."  *Id*. at 58.  "Unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' *always remain subject to the control of the Bureau*.  This is an important distinction, as the identity of the custodian has both legal and practical significance."  *Id*. at 63 (emphasis in original; citation omitted).

Jackson was not in the custody of the Attorney General or subject to the control of the BOP during the period of his pretrial home detention.  *Koray* consequently compels this court to find that he was "released" on bail within the meaning of the Bail Reform Act of 1984

---

[2]  The Supreme Court stated that

because the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*., is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty, *see* § 3142(a) (authorizing courts to impose restraints on the defendant "pending trial"); § 3143(a) (authorizing courts to impose restraints while the defendant "is waiting imposition or execution of sentence"), the "official detention" language of § 3585(b) must be construed in conjunction with that Act.  This is especially so because the Bail Reform Act of 1984 was enacted in the same statute as the Sentencing Reform Act of 1984, of which § 3585 is a part.

*Koray*, 515 U.S. at 56-57.

4

during that period.  *See also Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (following *Koray*).  Therefore, the time Jackson spent in pretrial home detention did not constitute "official detention" within the meaning of 18 U.S.C. § 3585(b) and he is not entitled to the sentencing credit he seeks.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for a writ of habeas corpus be DENIED; and

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 12, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 28th day of June, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

6